WALTER F. HAASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LILLIAN A. HAASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET H. MURPHY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 83534, 83535, 83536. Promulgated May 31, 1938.

*Harry Allen, Esq.*, *Harry B. Sutter, Esq.*, and *Samuel H. Horne, Esq.*, for the petitioners.

*DeWitt M. Evans, Esq.*, *Philip A. Bayer, Esq.*, and *Wilford H. Payne, Esq.*, for the respondent.

954

OPINION.

Van Fossan : The first issue involves the question of the recognition of gain by reason of the assumption of the liabilities of the transferor (Industries) upon the transfer of its property in exchange for all of the capital stock of the transferee corporation (the new company).

No gain is recognizable under section 112 (b) (5) of the Revenue Act of 1932,[1] unless we regard the assumption of the Industries

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) General Rule.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) Exchanges Solely in Kind.—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(5) Transfer to Corporation Controlled by Transferor.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

liabilities by the new company as "other property or money", as provided by section 112 (c) (1)[2] of the same act.

Petitioners rely chiefly on *Fashion Center Building Co.*, 31 B. T. A. 167, and *Hendler* v. *United States*, 17 Fed. Supp. 558; aff'd., 91 Fed. (2d) 680. Neither of these cases can longer be regarded as authority. In *Brons Hotels, Inc.*, 34 B. T. A. 376, the Board reconsidered the question involved in the *Fashion Center Building Co.* case and, having arrived at a conclusion contrary to that previously announced, overruled the cited decision. See also *Estate of Theodore Ebert, Jr.*, 37 B. T. A. 186. The decision of the Circuit Court of Appeals affirming the District Court in the *Hendler* case was carried to the Supreme Court (subsequent to the filing of petitioners' briefs) and there reversed in *United States* v. *Hendler*, 302 U. S. 680.

In *Brons Hotels, Inc.*, supra, the Board stated:

We are not unmindful of the fact that the assumption of a mortgage is not money in a true legal sense. It is, however, part of the consideration received; it is the equivalent of money, and in our opinion must be treated as money for the purposes of this case.

\*     \*     \*     \*     \*     \*     \*

It is our conclusion that the assumption of the mortgage indebtedness must be treated as money within the provisions of section 112 (c) (1), *supra* \* \* \*. No alternative solution has been suggested which does not do violence to some expressed statutory provision.

Albeit in the *Hendler* case the facts showed that the outstanding liabilities were assumed *and paid*, while in the instant cases the new company "assumed and agreed to pay" the liabilities of Industries, there being no evidence of actual payment, and although in his opinion in the *Hendler* case, Mr. Justice Black stresses the fact of payment there present, the decision, if it may be cited as supporting either position in the present controversy, must be held to support that of respondent. Certainly there is no longer any weight in the decision of the Circuit Court of Appeals on which petitioners so strongly rely.

On the authority of *Brons Hotels, Inc.*, supra, we hold that the gain of $151,154.46 is taxable and the petitioners are liable for their proportionate shares thereof.

The second issue raises the question whether petitioners Walter F. Haass and Margaret H. Murphy have returned the full amount of

[2] (c) GAIN FROM EXCHANGES NOT SOLELY IN KIND—

(1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

gain realized upon the forfeiture of certain land contracts or are taxable on an additional amount representing the difference between the sums returned and the whole amounts paid in by the purchasers.

The petitioners are permitted by section 44 of the Revenue Act of 1932 to return profit on real estate sales on the installment basis under the regulations prescribed by the Commissioner. They did not so make their returns in 1925, 1926, and 1927, but in 1928 the method of reporting income applicable to the years 1926 and 1927 was changed by the respondent to the installment basis and was adopted by the petitioners for 1928 and subsequent years. Upon forfeiture and repossession the respondent applied article 353 of Regulations 74 and computed petitioners' gain accordingly.

The question of computing gain or loss upon the repossession of property which had been sold on installment contract, with subsequent forfeiture and repossession, was before the court in *Boca Ratone Co.* v. *Commissioner*, 86 Fed. (2d) 9. It was held under the facts in that case that article 353 of Regulations 74, relied on by respondent here, was invalid and that section 44 (d) of the Revenue Act of 1928 [3] should be applied. This holding was based on the conclusion that the repossession of the land sold on the installment basis constituted a satisfaction of the installment obligation "at other than its face value." See *Eggerman Investment Co.*, 36 B. T. A. 1196, in which the Board followed *Boca Ratone Co.* v. *Commissioner, supra,* and applied section 44 (d) of the Revenue Act of 1932.

In the cited cases, however, facts necessary to make the computation under section 44 (d) were proved. Here we find that essential facts are lacking.

We have no means of gauging the amount realized in the taxable year. There is no evidence of the original cost or other basis at the time of the sale. The record discloses no facts upon which we may arrive at the fair market value of the property at the time of re-

---

[3] SEC. 44. INSTALLMENT BASIS.

\* \* \* \* \* \*

(d) *Gain or Loss upon Disposition of Installment Obligations.*—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full. This subsection shall not apply to the transmission at death of installment obligations if there is filed with the Commissioner, at such time as he may by regulation prescribe, a bond in such amount and with such sureties as he may deem necessary, conditioned upon the return as income, by the person receiving any payment on such obligations, of the same proportion of such payment as would be returnable as income by the decedent if he had lived and had received such payment.

[Section 44 (d) of the Revenue Act of 1932 is identical.]

possession. We have not before us sufficient facts to show that the result of the computation of gain under the ruling laid down in the *Boca Ratone Co.* case would have been different from that determined by the respondent. Since the proof of these facts was part of the burden assumed by petitioners, we have no alternative but to approve the Commissioner's action on the point.

There remains for consideration the question of commissions amounting to $3,146.50 paid by Golden Acres during 1924 and 1925 in connection with the sale of the lots repossessed by it during 1933. No adjustment for such commissions was made by the respondent in his notice of deficiency. The petitioners claim that they are entitled to reduce the total collections on the Golden Acres forfeited lots by the amount of such commissions, relying on the provisions of article 353 of Regulations 77, that the basis for taxation on repossession of property shall be the amount of payments actually received and retained by the vendor.

We have indicated above, following the *Boca Ratone Co.* and *Eggerman Co.* cases, that section 44 (d) is applicable in these cases. This statute provides that "gain or loss shall result to the extent of the difference between the basis of the obligation and (1) * * * the amount realized", and further, "the basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full." We find no authority in the statute for the treatment petitioners request.

Moreover, in *Highlands Trust, No. 1546,* 32 B. T. A. 760 (reversed on another point, 88 Fed. (2d) 355), we held that "commissions on sales are business expenses to be deducted in the year of accrual or payment * * * and are to be deducted in arriving at net income." *Blum's Inc.,* 7 B. T. A. 737. In *Winmill* v. *Commissioner,* 93 Fed. (2d) 494, the court held that commissions paid on the purchase and sale of securities are an expenditure of carrying on that business. The commissions in question do not appear to be of an essentially different character from those described in the cases cited. They were properly deductible in the years paid and are not an element in the capital cost of the lots repossessed. Therefore, such commissions are not a proper offset against the additional profit determined by the respondent.

*Decisions will be entered under Rule 50.*