**WILCOX v. HENRICKSEN, Acting Collector of Internal Revenue.**

**No. 8566.**

District Court, W. D. Washington, S. D.
Feb. 26, 1940.

Burns Poe and Gershom C. Rowland, both of Tacoma, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., and Thomas R. Winter, of Seattle, Wash., Gen. Counsel Representative, Bureau of Internal Revenue, for defendant.

YANKWICH, District Judge.

The plaintiff brought this action to recover the sum of $3,867.72, paid on an assessment for income taxes claimed to be due for the taxable year 1933.

He filed a return for that year, in which he showed a tax in the sum of $0.29, which he paid. The Collector of the District levied an additional assessment of $3,225.94, together with interest in the sum of $741.78.

In making the assessment, the Collector disallowed a loss of $75, claimed for a bad debt, upon the ground that the loss had not been ascertained during the taxable year.

He also found a profit of $23,924.32 on the repossession of a building in Yakima, Washington.

The building was sold in 1925, under a conditional contract of sale for the sum of $72,000, on the installment basis, with title remaining in the vendor, as security for the full payment of the purchase price.

The property was repossessed by the plaintiff in 1933 under an agreement with the buyers, whereby, in consideration of repossession, they were released of the obligation to pay the remainder of the purchase price.

At the time, the payments made to the plaintiff aggregated $37,370.61, and the unpaid portion was $34,629.59.

The taxable profit found by the Collector, under Article 353, Regulations 77, was arrived at in this manner:

| | |
|---|---|
| Total payments received on principal from 1925 to 1933, inclusive...................... | $37,370.61 |
| Less: | |
| Profits reported in income tax returns from 1925 to 1933, inclusive ........................ $3,605.86 | |
| Commission paid on sale in 1925  2,117.60 | |
| Delinquent 1932 taxes............  1,363.63 | |
| Delinquent 1931 taxes.............  1,399.20 | |
| Depreciation from October 1, 1925 to October 31, 1933.........  4,960.00 | |
| Total deductions ........................... | 13,446.29 |
| Profit on repossession as above............. | $23,924.32 |

The Government resists recovery upon the ground that the Collector computed the tax correctly, under the regulations, and that the assessment was correct even if considered on the basis of the difference between the indebtedness released and the value of the property repossessed.

A consideration of the stipulations, of the stipulated statement of facts, and of the depositions, on which the cause was resubmitted to me, after trial before the Honorable Edward E. Cushman, leads to the conclusion that the position of the Government is not sustained either by the law or the facts.

The basis for this conclusion may be stated briefly.

The court is of the view that the Collector's computation of the tax for 1933 on the basis of the installments received, after deducting the profits reported in income tax returns from 1925 to 1933, commission paid, delinquent taxes paid, and depreciation, is erroneous and illegal. Boca Ratone Co. v. Commissioner of Internal Revenue, 3 Cir., 1936, 86 F.2d 9.

The profit of the plaintiff on repossession of the property in 1933 should be computed on the basis of the difference between the market value of the property when repossessed and the basis of the obligation cancelled. Revenue Act of 1932, Sec. 44(d), 26 U.S.C.A. § 44(d); Eggerman Investment Company v. Commissioner, 1937, 36 B.T.A. 1196; Haass v. Commissioner, 1938, 37 B.T.A. 948.

The Court finds that the market value of the building and land when repossessed was $35,000 and that the basis of the obligation was $30,821.68, leaving a taxable gain of $4,178.32.

Counsel will compute the tax, in accordance with this conclusion, and plaintiff shall have judgment for the differ-

ence between the amount paid by him and the amount so found due.

No evidence having been offered as to the rejected deduction for $75 loss on account of a bad debt, the amount claimed shall be excluded.

Counsel for plaintiff will prepare findings and judgment in accordance with these conclusions.