**WALKER v. THOMAS, Collector of Internal Revenue (two cases).**

**No. 9573.**

Circuit Court of Appeals, Fifth Circuit.

April 5, 1941.

T. C. Wilkinson and T. C. Wilkinson, Jr., both of Brownwood, Tex., and John B. King, of Dallas, Tex., for appellant.

Samuel H. Levy and Lester L. Gibson, Sp. Assts. to Atty. Gen., and Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suits were for refund of income taxes assessed upon the restoration to income in 1933, of installment payments made, in prior years, on a conditional sale of stock, rescinded in that year, in accordance with its terms, because of default in payment.

The claim was that, when retaken, the stock was of little value, not more, to wit, than $221,734.02, that they had received on account of it $144,404.10, and that the total, $166,138.13, received by them was less than their basis, $172,462.48, so that under Section 44(d), Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 497,[1] taxpayers realized not a gain but a loss.

Admitting that their basis was $172,462.-48, that they had received a gross sum of $144,404.10, and that they had rescinded the contract of sale and recovered back

---

4 See, also, 49 Yale Law Journal 1118, 1122 (note).

1 (d) *"Gain or Loss upon Disposition of Installment Obligations.*

"If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full. * * *"

the shares, and denying that in 1933, when the shares were recovered, they had a fair market value not in excess of $21,734.02, the defense was; that the value of the stock when retaken is not material to a decision in this case; that no loss resulted which petitioners are entitled to deduct from their income for the reason that the shrinkage in the value of the stock is not the subject of a loss deduction except upon a sale for a fixed sum and the facts in this case clearly show that no sale was had in the year 1933; and that petitioners having gotten the stock back in 1933, while retaining the installments, must be regarded as having received income in that year to the extent of all installments paid.

There was no testimony except that offered by plaintiff. This fully sustained their claim. Completely disregarding, if not overlooking plaintiff's theory, that theirs was a case for relief under Section 44(d), the district judge tried the case on the wholly erroneous theory put forward by the defense, that taxpayers were claiming a loss deduction in 1933 under that theory, and that they had not sustained their burden of establishing this loss.[2]

Trial on this theory, plaintiffs making no such claim and therefore offering no evidence in support of it, necessarily resulted in a judgment for defendant. Plaintiffs are here insisting that their case was tried on a wrong theory and to a wrong result and that the judgments against them should be reversed. We agree.

A clear case of the satisfaction of installment obligations "at other than their face value" and therefore for the application of Section 44(d), and of T.D.4832, 1938-2, Cum.Bull.155, amending Art. 351 of Regulations 74 and 77,[3] Cf. Boca Ratone Co. v. Com'r, 3 Cir., 86 F.2d 9; Eggerman Investment Co. v. Com'r, 36 B.T.A. 1196; Walter F. Haass v. Com'r, 37 B.T.A. 948; and an equally clear case on the record of a realized loss thereunder, rather than a realized gain, the judgment should have been for, not against plaintiffs. Because, however, of the erroneous theory under which the case was tried the judgment will not be reversed and here rendered for plaintiffs, but reversed and remanded for trial anew in accordance herewith.

Reversed and remanded.

SIBLEY, Circuit Judge (concurring).

I think the judgment ought to be reversed and a new trial had. As to the merits of the situation, the lengthy and elaborate contracts the parties made are more for the sale and operation of a mining property, with the transfer of the stock figuring as the means for the final sale of the mine, than a simple installment sale of stock. The provision on which the business was ended was, that in the event of default in payments and an election by the sellers to end the contract, the buyers would redeliver possession of the mine free of all liens and taxes, and the entire capital stock, which was deposited in escrow by the sellers, would be returned to them, "and this contract shall thereupon cease and determine and be utterly void, and all payments theretofore made by Mexican Mines Limited upon the notes herein described shall be forfeited as liquidated damages for the use of said mines during the period of possession of the same." The mines had in fact been practically exhausted by the use. The $144,404 thus retained

---

[2] Fact Finding No. 12: "I further find that there is no fixed or definite or definable period when the stock, which was the property of these taxpayers, was valued. Nor was there any happening upon which the Court can put his finger, as to the definite time of the taxpayer's loss."

[3] "If for any reason the purchaser defaults in any of his payments, and the vendor returning income on the installment basis repossesses the property sold, whether title thereto had been retained by the vendor or transferred to the purchaser, gain or loss for the year in which the repossession occurs is to be computed upon any installment obligations of the purchaser which are satisfied or discharged upon the repossession or are applied by the vendor to the purchase or bid price of the property. Such gain or loss is to be measured by the difference between the fair market value of the property repossessed and the basis in the hands of the vendor of the obligations of the purchaser which are so satisfied, discharged, or applied, with proper adjustment for any other amounts realized or costs incurred in connection with the repossession. The basis in the hands of the vendor of the obligations of the purchaser satisfied, discharged, or applied upon the repossession of the property shall be the excess of the face value of such obligations over an amount equal to the income which would be returnable were the obligations paid in full."

60

for the use of the mines represents their exhaustion. None of it is gain unless in excess of the cost basis of the mine less its salvage value. Under the present evidence the stockholders do not appear to have realized any gain.