## EDWARD BARRON ESTATE CO. v. UNITED STATES.

### No. 21354–R.

District Court, N. D. California, S. D.

May 16, 1941.

Charles S. Wheeler, Jr., of San Francisco, Cal., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Frank Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

ROCHE, District Judge.

This is a suit for refund of income taxes plus interest, assessed against plaintiff for the year 1932 and paid under protest in 1937. The assessment pertained to a real estate transaction in which plaintiff repossessed itself of property situated on the Oakland Estuary.

In 1926 plaintiff sold a piece of property under an installment-sale contract, putting the purchaser in immediate possession and retaining title as security for the unpaid portion of the purchase price. Four years later, upon default of the purchaser, plaintiff satisfied the unpaid obligation by recovering the property in an ejectment suit. This repossession took place in 1932, during the depression and at a time when property values had depreciated close to 50%. Plaintiff's land, which sold for more than $700,000 in 1928, had no market in the early thirties. Testimony of expert appraisers at the trial placed the value of the property at not in excess of $400,000 when plaintiff recovered the land, including improvements. (In 1936, an actual sale of the property was made at $308,906.83.) Plaintiff contends that it suffered a loss on the entire transaction, within the meaning of Section 44(d) of the Internal Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 497, under which section defendant levied the disputed tax.

Defendant, in opposing plaintiff's suit for a refund, denies that plaintiff suffered a loss under the above section of the Internal Revenue Act. It is defendant's position that plaintiff realized a gain of several hundred thousand dollars when it repossessed itself of the Oakland property. This position is based on the fact that during the four year period in which plaintiff's land was in the hands of the defaulting purchaser, the latter paid off a bond issue of $167,000 and made improvements (fill, grading, and buildings), approximating $150,000. Defendant alleges 'that plaintiff made a profit on the transaction, despite the fact that the market value, including improvements, was not more than $400,000 when plaintiff recovered its property, which it had sold for more than $700,000. Defendant contends that Section 44(d), as interpreted by the Treasury Department in Article 353 of Regulations 77, sustains its position.

The sole issue before the Court is this: When a seller repossesses property from a defaulting buyer, under an installment-sale contract, is gain or loss, within the meaning of Section 44(d) of the Internal Revenue Act of 1932, measured by the difference between the basis of the obligation and the amount realized (market value), or by improvements made by the purchaser during his tenure and inuring to the benefit of the seller upon his recovery of the property? The answer to this question is contained in court decisions construing the pertinent language of Section 44(d), which reads as follows: "Gain or Loss upon Disposition of Installment Obligations. If an installment obligation is satisfied at other than its face value * * * gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value * * * the amount realized ·* * *. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full." In the case of Boca Ratone Co. v. Commissioner, 3 Cir., 1936, 86 F.2d 9, the court ruled that market value at the time of repossession was the true test for measuring gain or loss on a defaulted installment-sale contract, such as that in the case at bar. This decision, which has been followed not only by the courts (Wilcox v. Henricksen, D. C. 1940, 31 F.Supp. 700), and the Board of Tax Appeals (Eggerman Investment Co.

v. Commissioner, 1937, 36 B.T.A. 1196), but also by the Treasury Department itself in its amended regulations (T.D. No. 4832 [1938], Article 353 of Regulations 74 and 77), is applicable in the case before this Court. Thus, plaintiff is entitled to judgment for the return of $53,700.36, which it was mistakenly required to pay.

Judgment will be entered accordingly, in the sum of $53,700.36, together with interest as provided by law, upon preparation of findings of fact and conclusions of law. Defendant will pay costs.